UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNIVERSAL LIMITED, INC.,

      Plaintiff,

v.                                               Case No. 5:08-cv-521-Oc-10GRJ

SPIRIT CONSTRUCTION SERVICES, INC.,
AMERICAN CEMENT COMPANY, LLC,

      Defendants.
_____

## **REPORT AND RECOMMENDATION**[1]

Pending before the Court is Defendant American Cement Company, LLC's Motion To Dismiss Complaint By Universal Limited, Inc. (Doc. 9.) Plaintiff filed a response in opposition (Doc. 12) and therefore this matter is ripe for review. For the reasons discussed below, Defendant's Motion To Dismiss should be **GRANTED**.

## I. BACKGROUND[2]

This lawsuit arises out of improvements to property in Sumterville, Florida owned by Defendant, American Cement Company, LLC ("American Cement" or the "owner.") American Cement entered into a contract with Defendant, Spirit Construction Services ("Spirit" or the "general contractor") to improve the property. Spirit contracted with Plaintiff, Universal Limited, Inc. ("Universal" or the "subcontractor") to provide labor, services and materials in connection with the property. Universal alleges that despite its

---

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] The background "facts" are taken from Plaintiff's Complaint. (Doc. 1.)

timely demand for payment, Spirit has failed or refused to pay Universal.  On November 23, 2008, Universal filed its two-count complaint, alleging breach of contract against Spirit in Count I and alleging unjust enrichment against American Cement in Count II. (Doc. 1.)

## II.  STANDARD OF REVIEW

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968).  For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits.  Fed R. Civ. P. 10(c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir.1993).

Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

## III.  DISCUSSION

Relying upon Maloney v. Therm. Alum. Industries, Corp., 636 So. 2d 767 (Fla. Dist. Ct. App. 1994)[3] American Cement argues that Universal's cause of action for unjust enrichment against American Cement should be dismissed because Universal has failed to exhaust its remedies against the general contractor before seeking equitable relief against the owner of the property.

In Maloney, the Fourth District Court of Appeals ("Fourth DCA") considered the availability of a quasi contract theory to a construction subcontractor seeking recovery against an owner of property, where there had been no dealings between the owner and the subcontractor.  Pursuant to a contract with the general contractor, the subcontractor, there, furnished glass walls, windows and doors for the construction of an office building.  The subcontractor, like Universal in this case, was not paid in full for its work. The subcontractor sought damages against the property owner on a quasi-contract theory, while the claims against the general contractor were submitted to arbitration. The Fourth DCA reversed the judgment for the subcontractor against the owner based upon quasi-contract because the status of the subcontractor's arbitration claim with the general contractor was not completed.  See id. at 769. The court explained that if the contractor had made payment in full, then the owner would not have been "unjustly" enriched.  Id. The court concluded that under those circumstances, where the subcontractor has not exhausted his direct remedy against the contractor "it

---

[3] Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.  Here, there is no dispute that Florida law governs this matter.

3

is premature and therefore improper to permit the subcontractor to pursue an indirect equity claim against the owner." Id.

In a subsequent case -- Commerce P'ship 8098 Ltd P'ship v. Equity Contracting Co., Inc., 695 So.2d 383 (Fla. Dist. Ct. App. 1997)(en banc) – an *en banc* panel of the Fourth DCA reaffirmed the Maloney rule that before a subcontractor can maintain a quasi contract action against an owner based upon a theory of unjust enrichment the subcontractor must establish (1) that the subcontractor has exhausted all remedies against the general contractor and the obligation still remains unpaid; and (2) that the owner has not given consideration to any person for the improvements furnished by the subcontractor. See Commerce, 695 So.2d at 388-89. The Commerce court explained that these requirements limit the cause of action to those situations where the enrichment of the owner is truly unjust when compared to the uncompensated subcontractor. See id. at 389. Moreover, "[t]he contractor with whom the subcontractor is in privity is always the pocket of first resort" and "the owner can be liable only where it received a windfall benefit, something for nothing." Id.

Absent a decision from the Florida Supreme Court on an issue of state law, this Court is bound to follow decisions of Florida's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently. See McMahan v. Toto, 311 F.3d 1077, 1080 (11th Cir. 2002.) Indeed, the Florida Supreme Court has held that "[t]he decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by [the Florida Supreme Court.]" Id. (quoting Pardo v. State, 596 So.2d 665, 666 (Fla. 1992.))

Universal has not argued nor has this Court found any persuasive authority that the Florida Supreme Court would not follow the Fourth DCA's Maloney and Commerce Partnership decisions. Accordingly, Maloney and Commerce Partnership are determinative of the issue in this case.

Applying the Maloney and Commerce Partnership rule to this case requires that the claim by Universal against the owner, American Cement, be dismissed. It is undisputed that Universal has not exhausted its remedies against the general contractor, Spirit. Indeed, Universal is simultaneously pursuing its direct remedy for breach of contract against the general contractor and its indirect remedy for unjust enrichment against American Cement, the owner of the property. Thus, as a matter of law, Universal has not pled (and cannot prove) that it has exhausted its remedies against Spirit, a precondition to stating a claim for unjust enrichment against American Cement.

Nevertheless, Universal argues that the motion to dismiss should be denied for several reasons. First, Universal argues that inconsistent claims should be permitted to go forward at the pleadings stage. While Universal is generally correct that a party is entitled to plead claims in the alternative, the rule in Maloney and Commerce is based upon the requirements of exhaustion – not principles of inconsistent pleadings. That is so because in the event Universal obtains payment from Spirit it will have received reasonable value for its services. Where a party receives reasonable value for its services it cannot claim recovery based upon quasi-contract because it must show both that the recipient received something for nothing and that the party furnishing the benefit did not receive reasonable value.

Second, Universal argues that Maloney is factually distinguishable and should not be applied "at this stage." However, the Commerce court did not limit the Maloney holding to the specific facts of that case and the strained factual distinctions drawn by Universal are not legally significant.

Third, Universal argues that Maloney is inapplicable because the Commerce court partially receded from Maloney. While the Commerce court receded from some of its language in Maloney,[4] as discussed above, it unequivocally reaffirmed the requirement that in order to bring a claim for unjust enrichment against an owner a subcontractor must plead and prove that it has exhausted its remedies against the general contractor before pursuing an equity claim against the owner. Accordingly, Universal has failed to offer any persuasive argument to disregard the rule in Maloney and Commerce.

Because Universal has not exhausted its direct remedies against Spirit, the general contractor, it is "premature and therefore improper" to permit Universal to pursue an indirect equity claim against the owner, American Cement. Accordingly, Universal's claim against American Cement for unjust enrichment should be dismissed without prejudice because the claim is premature.[5] There is no need to grant Universal the opportunity to amend its complaint because an amendment would be futile under

---

[4] The Commerce court receded from the language in Maloney that could be read to suggest that, in order to maintain a quasi contract action against an owner, a subcontractor must plead and prove (in addition to the two requirements discussed above) that it had perfected its mechanic's lien. See Commerce, 695 So.2d at 388-89. The court explained that it had intended in Maloney to "align ourselves with that line of cases which allow a subcontractor's recovery in quasi contract against an owner, even where the subcontractor has failed to perfects its construction lien." Id. at 389.

[5] Because Universal has not requested or suggested that the Court should abate the claim, the appropriate disposition of the motion is dismissal without prejudice.

these circumstances in view of the fact that Universal cannot establish that it has exhausted its remedies against Spirit.

## IV.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Defendant American Cement Company, LLC's Motion To Dismiss Complaint By Universal Limited, Inc. (Doc. 9) should be **GRANTED** and Count II of Plaintiff's Complaint should be **DISMISSED without prejudice**.

**IN CHAMBERS** in Ocala, Florida, on June 1, 2009.

_____
GARY R. JONES
United States Magistrate Judge

Copies to:
   The Honorable Wm. Terrell Hodges
   Senior United States District Judge

   Counsel of Record